Lawrence M. FARKAS, et al., Plaintiffs.

v.

Anthony RUMORE, et al., Defendants.

No. 91 Civ. 7636 (LLS).

United States District Court,
S.D. New York.

Sept. 13, 1995.

Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, P.C., New York City, Of Counsel: (Louie Nikolaidis, of counsel), for plaintiffs.

Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, Of Counsel: (Barry I. Levy, of counsel), for Soft Drink and Brewery Workers, Local Union 812, Int'l Brotherhood of Teamsters and Anthony Rumore.

Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, Of Counsel: (Paul M. Heylman and Henry A. Platt, of counsel), for the Coca–Cola Bottling Co. of New York, Inc.

## MEMORANDUM AND ORDER

STANTON, District Judge.

By Memorandum and Order filed March 10, 1995 the court dismissed plaintiff's claims against his employer for wrongfully firing him in January 1991, and against his union for wrongful conduct of an arbitration in March 1991 over that firing.

Defendants seek a Rule 54(b) certificate allowing entry of judgment dismissing those claims. That would start plaintiff's time to appeal that dismissal, and impose on him the duty of prosecuting it, if he cares to do so.

What remains in the case is an unrelated claim that the union unlawfully ratified a labor contract in May of 1991. That claim is awaiting trial, scheduled for this fall. A claim against the employer for participating in the ratification was dismissed by the March 10, 1995 order, but no Rule 54(b) certificate is sought as to that dismissal, since related issues are awaiting trial as against the union.

It is apparent, and the parties do not dispute, that the claims concerning plaintiff's firing and subsequent arbitration are totally separate from the claims which are left in the case. The issue is whether there is "just reason for delay" in the entry of judgment. F.R.Civ.P. 54(b).

The defendants argue that they are entitled to judgment now, so that their possible exposure to liability for reinstatement and back pay will not mount while the remaining issues are being tried.

Against that argument, plaintiff's attorney urges that he not be put through the effort (and perhaps duplication) of preparing and arguing an appeal when he is simultaneously preparing for trial of the remaining issues.

Both arguments have merit. It is fair for an attorney to ask that he not be overburdened unnecessarily when preparing for trial, and there is nothing trivial about the burdens of trial preparation. It is also fair for defendants to urge that plaintiff, who is not work-

ing for them, should not be allowed to extend the time for which he may claim back pay if he wins a reversal on appeal.

On balance, the defendants' claim is the stronger, and the one which the policy of the law should favor.

Accordingly, a Rule 54(b) certificate will issue unless on or before the close of business on Thursday, September 21, 1995, plaintiff serves and files an irrevocable waiver of any claim for back pay from that day forward, in the event he later obtains reversal of the March 10, 1995 dismissal of counts 5 and 6 of his amended complaint. That will give plaintiff's counsel the respite he seeks, but at plaintiff's expense rather than defendants'.

So ordered.